IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VERN H. MCKINNEY, #410454 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-202 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Vern McKinney for the issuance of a writ of habeas corpus. McKinney challenges disciplinary case No.20050144598, in which he was found guilty of threatening an officer. Punishment consisted of forty-five days loss of commissary privileges; thirty days cell restriction; thirteen days solitary confinement; and, a loss of forty-five days good time. Having reviewed McKinney's Petition and a complete copy of the disciplinary record, provided through the office of Attorney General for the State of Texas via a *Martinez* report, (and incorporated by reference herein), this Court now makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case, Petitioner was found guilty of threatening an officer. He alleges that his rights to due process were violated because he was refused the right

to call a "character witness" at the disciplinary hearing who would have "testified to facts of my character relating to my innocence."

The response to Petitioner's Step Two appeal of the disciplinary finding states that Petitioner was informed of the reason for the exclusion of the character witness. "The hearing officer does have the discretion to disallow any witnesses or evidence which would not be central to the charge at hand." The disciplinary record further reveals that Petitioner was notified of the charges against him on January 25, 2005, four days prior to the disciplinary hearing.

A temporary loss of commissary privileges and a brief stint in solitary confinement do not pose atypical or significant hardships beyond the ordinary incidents of prison life; rather, they merely constitute a minimal and temporary change in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A loss of good time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.* 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not

apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. When reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts" or "any evidence at all" that support the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d

at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19 F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials. A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

As already noted, disciplinary records reflect that Petitioner received advanced written notice of the charges against him and was represented by counsel substitute. The disciplinary hearing officer based his finding of guilt on the charging officer's written report and the testimony of an eyewitness to the threatening remark. Petitioner received a written disposition of the case citing the reasons for the finding of guilt.

Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). 28 U.S.C. §2254(d)

mandates that the findings made by the state court system shall be "presumed to be correct," unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding made the basis of this suit afforded Petitioner the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234.  The finding of guilt is supported by more than some evidence in the record; thus, the Court must uphold the administrative decision.

Accordingly, for all the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the application for writ of habeas corpus of Vern H. McKinney be DENIED and this case be DISMISSED, with prejudice.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  The Petitioner shall have until **May 28, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at  P.O. Drawer 2300</u>.  Any Objections filed shall be contained in a written

document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _11th_ day of May, 2005.

_____
John R. Froeschner
United States Magistrate Judge